## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2017, 9:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Leonard Hammond Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian E. Domer, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 29, 2017 <br><br> Court of Appeals Case No. <br> 02A04-1706-CR-1479 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D06-1608-F5-246 |

**Barnes, Judge.**

# Case Summary

Brian Domer appeals his conviction for Level 6 felony domestic battery. We affirm.

# Issue

Domer raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

# Facts

On August 20, 2016, K.K. was six months pregnant with Domer's child. She sometimes stayed with him at his trailer in Allen County. She was at the trailer taking a shower when he returned home, and they started arguing. K.K. called her grandmother and started to get dressed. Domer said "Before you leave, we're gonna . . . f***ing fist fight." Tr. p. 21. K.K. told Domer that she did not want to do that. They continued fighting, and K.K. went outside and walked down the street but came back. Domer said, "I don't give a f*** anymore. I don't give a f*** who sees, I'm beating you're a** right here, right now." *Id.* at 22. Domer then hit K.K. in the face and the head, grabbed her hair, and pushed her against the trailer. Domer stopped when he saw a car approach. K.K. called her grandmother again and then called 911. When an officer arrived, he found that K.K. had a knot on her head and white dust from the trailer on the back of her arms. Domer admitted to the officer that he had pushed K.K. against the trailer.

The State charged Domer with Level 5 felony domestic battery with bodily injury of a pregnant woman and Level 6 felony domestic battery with a prior conviction. A jury found Domer not guilty of the Level 5 felony but guilty of the Level 6 felony. Domer then stipulated to having a prior battery conviction, and the trial court entered judgment of conviction for Level 6 felony domestic battery. The trial court sentenced Domer to two and one-half years in jail. Domer now appeals.

## Analysis

Domer challenges the sufficiency of the evidence to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

Under Indiana Code Section 35-42-2-1.3, the State was required to prove that Domer knowingly or intentionally touched K.K., who was a family or household member, in a rude, insolent, or angry manner and that Domer had a prior conviction for battery. Domer argues that the evidence is insufficient to sustain his conviction because K.K.'s lack of injuries is inconsistent with her explanation of the events, she did not go to the hospital or seek medical

treatment, and a neighbor testified that she witnessed the incident and did not see Domer hit K.K.

[7] Although the neighbor, Christy Gipple, testified that she lived next door to Domer with her husband, that she witnessed the incident between K.K. and Domer, that Domer did not hit K.K., and that she did not talk to the police at the time, Gipple also admitted that she had started a relationship with Domer while he was incarcerated. K.K. testified that Domer repeatedly hit her on the face and head and that he shoved her against the trailer. The responding officer found that K.K. had a knot on her head and white dust from the trailer on the back of her arms. Further, Domer admitted to the officer that he shoved K.K. against the trailer. Domer's argument is merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *Bailey,* 907 N.E.2d at 1005. The State presented substantial evidence of probative value that Domer knowingly or intentionally touched K.K., who was a family or household member, in a rude, insolent, or angry manner, and Domer stipulated that he had a prior conviction for battery. The evidence is sufficient to sustain his conviction.

## Conclusion

[8] The evidence is sufficient to sustain Domer's conviction for Level 6 felony domestic battery. We affirm.

[9] Affirmed.

May, J., and Bradford, J., concur.